**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IAN HERSEY, | Civil Action No. 06-2451 (JAP) |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| GLOBAL ATM, INC., et al., | |
| Defendants, | |

This matter comes before the Court on Defendant Mark Mamiye's ("Defendant") Motion to Vacate Default Judgment. This matter was considered without oral argument pursuant to Fed.R.Civ.P. 78. For the following reasons, Defendant's Motion is GRANTED.

**I. BACKGROUND**

Plaintiff Ian Hersey ("Plaintiff") filed his Complaint on May 31, 2006. Docket Entry No. 1. On June 20, 2006, Plaintiff sent Defendant a notice of lawsuit and request for waiver of service. Plaintiff's Application in Opposition to Defendant's Motion to Vacate Default Judgment ("Opposition Brief") at 2. On July 13, 2006, Defendant was personally served with the summons and complaint. Id. Defendant failed to file an answer. Beginning in June 2006, Defendant became involved in several actions arising out of his investment in Global ATM, Inc. Memorandum of Defendant in Support of Motion to Vacate Default Judgment ("Moving Brief") at 3. Defendant retained the law firm of Ansell, Zaro, Grimm & Aaron to represent him. Id. Soon thereafter, Defendant "became embroiled in various disputes with the Ansell firm over numerous issues." Id. Defendant asserts that he took a copy of the Complaint to the Ansell firm and requested that they

represent him in this matter and file an answer. Id. Defendant further asserts that due to the "disputes and the deteriorating relationship between [Defendant] and the Ansell firm, no answer was ever filed. Id. at 4.

Plaintiff notes that the Defendant through the Ansell firm filed a suit in state court against Defendants Santoro and Global ATM several weeks after he was served with the Complaint in this matter and after his answer was due. Opposition Brief at 2. Plaintiff also notes that in the state court matter Defendant's attorneys identified the instant matter as a pending related matter. Id. On August 24, 2006, Plaintiff requested the Clerk of the Court to enter default against Defendant. Docket Entry No. 6. Defendant notes that there is no certificate of service or other evidence to show that Plaintiff's request for the entry of default was served on Defendant. Moving Brief at 3.

Between August and December 2006, Defendant and the Ansell firm parted ways and current counsel was retained in December 2006. Moving Brief at 4; See also Opposition Brief at 3. On December 14, 2006, Plaintiff filed a motion for default judgment against all of the defendants. Docket Entry No. 13. The District Court entered default judgment against Defendant on January 17, 2007. Docket Entry No. 14. Defendant's Counsel asserts that he was only made aware of Plaintiff's default and motion for default judgment on January 31, 2007. Moving Brief at 4. On February 7, 2007 the instant motion was filed. Docket Entry No. 15.

## II. ANALYSIS

Federal Rule of Civil Procedure 60(b)(6) provides that "[o]n motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... [for] any reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). The Third Circuit has held that "Rule 60(b) should be given a liberal construction [and] [a]ny doubt should be resolved in favor of the

petition to set aside the judgment so that cases may be decided on the merits." Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656 (3d Cir. 1982)(internal quotations omitted). Although the decision to vacate a default judgment is left "primarily to the discretion of the district court," U.S. v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984), the Court must weigh three factors when ruling on a Motion under Fed.R.Civ.P. 60(b):

> (1) whether the defendant has demonstrated that vacating the default judgment will not visit prejudice on the plaintiff;
> (2) whether the defendant has established a meritorious defense; and
> (3) whether the defendant has demonstrated that the default was not the result of his culpable conduct.

Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 Fed. Appx. 519, 522 (3d Cir. 2006); See also Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988).

### A.  Prejudice to Plaintiff

The Third Circuit has defined prejudice as the loss of evidence or witnesses, or similar prejudice from the delay in answering. Starlight Ballroom Dance Club, Inc., 175 Fed. Appx. at 522. The minute prejudice that Plaintiff may suffer is the financial cost related to pursuing default judgment against Defendant. However, this cost is not sufficient to establish prejudice under Rule 60(b). Feliciano, 691 F.2d at 646. Moreover, Plaintiff has acknowledged that he has not suffered any such prejudice. Opposition Brief at 4 n. 1. Therefore, the Court finds that Plaintiff will suffer little, if any, prejudice should the Court order vacatur, and thus this factor weighs clearly in favor of Defendant.

### B.  Meritorious Defense

The standard to establish a meritorious defense is more stringent than merely alleging a defense. Harad, 839 F.2d at 982. Specifically, a Defendant must "set forth with some specificity

3

the grounds for his defense." Id. (emphasis added). The Court must "then look at the substance of that defense to determine whether it is meritorious." Starlight Ballroom Dance Club, Inc., 175 Fed. Appx. at 522.

Plaintiff alleges that Defendant tortiously interfered with a contractual relationship. See Complaint at ¶ 51, 52. The elements to establish a claim for tortious interference with contractual relations are "(1) the existence of the contract or the prospective economic relationship; (2) interference which was intentional and with malice; (3) the loss of the contract or prospective gain as a result of the interference; and (4) damages." Travelodge Hotels, Inc. v. Honeysuckle Enterprises, Inc., 357 F. Supp. 2d 788, 802 (D.N.J. 2005)(citing Velop, Inc. v. Kaplan, 301 N.J.Super. 32, 49 (App. Div. 1997)).

Defendant asserts three defenses: (1) he is a victim of the co-defendants activities, (2) he did not participate in the transaction and events that led to Plaintiff's investment in Global ATM, and (3) he did not take any action to interfere with the transaction or Plaintiff's relationship with any other party.[1] Moving Brief at 4. The Court need not review the ultimate legal merits of Defendant's assertions, however, if true, Defendant's statements could defeat the allegations in Plaintiff's Complaint. Specifically, Defendant's statement that he did not take any action to interfere with Plaintiff's relationship could refute Plaintiff's assertions that Defendant intentionally and maliciously interfered with the contractual relationship. These assertions are further supported by the certified allegations in Defendant's state court complaint. Decl. of Sean Mack, Esq., Ex. 1 [Docket Entry No. 17]. Because the standard for vacating a default judgment errs on the side of caution, to wit, that a

---

1. The Court notes that Defendant insists that Exhibit 4 to counsel's declaration includes Defendant's "proposed answer, affirmative defenses and crossclaims", however this Exhibit was not attached to the papers filed with the Court.

case should be decided on the merits, the Court finds that Defendant has adequately shown meritorious defenses to the Complaint. Thus, the second factor also weighs in favor of vacating the default judgment.

### C. Defendant's Culpability

To establish culpability, "more than mere negligence [must] be demonstrated." Hirtz, 732 F.2d at 1180. In fact, the Third Circuit has established that a Defendant's conduct have been "taken wilfully or in bad faith" to deny a motion to vacate default judgment. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000)(quoting Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 124 (3d Cir. 1991))(internal quotations omitted). Plaintiff cites to numerous cases where motions to vacate default judgment were denied because Defendants were aware of the litigation but repeatedly disregard notices and default proceedings. Opposition Brief at 5-6. However, in the instant matter, Defendant has stated that he believed his former counsel filed an answer and was unaware of any proceedings until current counsel realization of the entry of default judgment. Moving Brief at 7. Moreover, the Court notes that there is no indication on the docket that Defendant received notification of Plaintiff's application for an entry of default. However, the Court notes that it appears as though Defendant was served with a copy of the Motion for the Entry of Default Judgment by Plaintiff via certified mail. Nevertheless, the Court finds that Defendant's failure to properly file an answer or otherwise respond was neither wilful, nor omitted in bad faith. Therefore, this factor clearly weighs in favor of Defendant.

### III. CONCLUSION

For the aforementioned reasons finds that Plaintiff will not suffer any prejudice if the Court granted vacatur, Defendant possesses meritorious defenses, and Defendant is not culpable under Rule 60(b) for his failure to respond. Therefore, for good cause shown,

IT IS on this 17th day of April, 2007,

ORDERED that Defendant's Motion to Vacate the Default Judgment [Docket Entry No. 15] is GRANTED; and it is further

ORDERED that the vacatur of default judgment is only applicable to Defendant Mamiye; and it is further

ORDERED that this matter is reopened; and it is further

ORDERED that Defendant shall file an answer no later than **May 1, 2007**; and it is further

ORDERED that the Clerk of the Court shall terminate this motion [Docket Entry No. 15] accordingly.

       s/ *Tonianne J. Bongiovanni*
       TONIANNE J. BONGIOVANNI
       UNITED STATES MAGISTRATE JUDGE